United States District Court
Southern District of Texas
**ENTERED**
September 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERAME DEE MARSTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-152 |
| | § | |
| JIM WELLS COUNTY JAIL, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE

### Background

On May 27, 2016, Plaintiff was granted leave to proceed *in forma pauperis*. Plaintiff was informed that the Jim Wells County Jail was not a person subject to suit under 42 U.S.C. § 1983. Plaintiff was granted 30 days to file his amended complaint, and he was advised that he must prepare and forward the summons forms before the United States Marshal could serve the complaint.

Plaintiff failed to timely file his amended complaint and failed to complete summons forms for the United States Marshal to serve his complaint. On July 12, 2016, he was ordered to show cause, within twenty days, why this action should not be dismissed without prejudice for want of prosecution (D.E. 8). Plaintiff was advised that failure to timely comply may result in dismissal of Plaintiff's claims for failure to prosecute. FED. R. CIV. P. 41(b). To date, four months after first filing his complaint, Plaintiff has done nothing. It appears Plaintiff has abandoned his lawsuit.

## **Applicable Law**

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

(b) **Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute.  *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)).  If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

Here Plaintiff failed to comply with the initial order to file an amended complaint and failed to complete and forward the summons forms to the United States Marshal.  He failed to comply or respond to the show cause order.  The court cannot move forward on the merits of the lawsuit unless Plaintiff participates.

## Recommendation

Based on the foregoing, it is respectfully recommended that Plaintiff's lawsuit be dismissed without prejudice for failure prosecute his lawsuit, failure to file an amended complaint, and failure to forward summons forms to the United States Marshal for service.  FED. R. CIV. P. 4(m); 41(b).

Respectfully submitted this 12th day of September, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).